**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br> Plaintiff, <br><br> v. <br><br> SPEECH & LANGUAGE CENTER, LLC *et al.*, <br><br> Defendants. | Civil Action No. 22-1748 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Horizon Blue Cross Blue Shield of New Jersey's ("Horizon Blue") Motion to Remand. (ECF No. 12.) Defendants Chryssoula Arsenis ("Arsenis") and Speech & Language Center, LLC ("Speech & Language," and collectively, "Defendants") opposed the Motion (ECF Nos. 16-19),[1] and Horizon Blue responded (ECF No. 20).[2] The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Horizon Blue's Motion.

---

[1] Arsenis may proceed pro se in federal court. But Speech & Language, a corporation, may not. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

[2] In April 2022, the Court *sue sponte* issued an Order to Show Cause as to why this case should not be remanded to state court for lack of subject matter jurisdiction and because removal was untimely. (ECF No. 8.) Arsenis responded. (ECF No. 13.)

## I.     BACKGROUND

This is a case about alleged healthcare fraud and an attempt to avoid the consequences of that fraud. In 2014, Horizon Blue sued Defendants in state court alleging that they engaged in a pattern of fraudulent billing for speech testing and therapy services. (*See* Notice of Removal *14-15, ECF No. 1.)[3] Arsenis is a speech pathologist who owned and operated Speech & Language in Warren, New Jersey. (*Id.* at *17-18.) Horizon Blue is an insurance provider that entered into an agreement with Arsenis in January 2007 to pay insurance claims submitted by Defendants for healthcare services to patients. (*Id.* at *21.) From at least 2009 through 2013, Defendants submitted numerous insurance claims to Horizon Blue and its affiliates to receive payment for speech therapy services it provided to various patients. (*Id.* at *22.) At some point, Horizon Blue realized that Defendants were submitting inflated or fraudulent bills that were impossible or implausible to perform (such as billing between 45 hours and 99 hours of services in one day) or that were for medically unnecessary services. (*Id.* at *27-28.) When Horizon Blue audited Defendants, the paperwork did not check out, either. (*Id.* at *28.) Worse yet, Horizon Blue's investigation revealed that Defendants' patients, many of whom were interviewed, undermined the accuracy of Defendants' billing practices. (*Id.*) In all, Horizon Blue and its affiliates claim to have paid Defendants over $6.5 million in unentitled payments. (*Id.* at *29.)

To recover for its losses, in 2014, Horizon Blue sued Defendants in state court, alleging that they violated the New Jersey Insurance Fraud Protection Act ("IFPA"), as well as other causes of action including fraud, breach of contract, unjust enrichment, and negligent misrepresentation. (*Id.* at *32-39.) After years of litigation, in August 2019, the parties agreed on settlement terms. *See Horizon Blue Cross Blue Shield of N.J. v. Speech & Language Ctr., LLC*, No. 19-1353, 2020

---

[3] Page numbers preceded by an asterisk refer to the page number atop the ECF header.

WL 7383560, at *2 (N.J. Super. Ct. App. Div. Dec. 16, 2020). But before the ink on the settlement agreement was dry, Arsenis refused to execute the documents or make her obligatory payments. *Id.* Horizon Blue moved the state court to enforce its rights, which the court granted. (Lee Cert., Ex. B, ECF No. 12-6.) After an appeal, on January 27, 2022, the state court ruled in favor of Horizon Blue to enforce its settlement rights. (Lee Cert., Ex. A, ECF No. 12-5.) Not ready to give up the fight, Arsenis removed the action to federal court on March 29, 2022. (Notice of Removal (citing 28 U.S.C. §§ 1331, 1441, 1446(d)).)

The nearly decade-long state court action thus arrived before this Court. Given the seemingly improper removal, the Court issued an Order to Show Cause. (*See* OTSC, ECF No. 8.) Horizon Blue moved for remand, as well, claiming the matter is neither properly before the Court nor timely removed. (Pl.'s Mot. to Remand, ECF No. 12.) After the parties submitted a series of briefing and exhibits (ECF Nos. 13, 16-20), Horizon Blue's Motion is now before the Court.

## II. **LEGAL STANDARD**

For a federal court to hear a case, it must have diversity or federal question jurisdiction over the issue. *See* 28 U.S.C. §§ 1331, 1332; *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983) ("United States district courts are courts of limited jurisdiction and Congress, as allowed by the Constitution, must expressly grant them the power and authority to hear and decide cases."). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by Act of Congress, any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction. *Id.* § 1447(c).

The removal statute "is to be strictly construed against removal" to honor Congressional intent. *Samuel-Basset v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). Thus, a district court has the authority to remand a case that was removed to federal court if "at any time before final judgment it appears the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29.

### III. **DISCUSSION**

Horizon Blue launches a dual-fronted attack on the removal of this case, contending that the Court lacks subject matter jurisdiction and removal was untimely. The Court considers each removal defect in turn.

#### A. **The Court Lacks Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *G. W. v. Ringwood Bd. of Educ.*, 28 F.4th 465, 468 (3d Cir. 2022). To invoke subject matter jurisdiction on removal, a defendant must demonstrate that the case falls within the Court's diversity jurisdiction or federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. From what the Court can glean from Arsenis's Notice of Removal and subsequent briefing, she attempts to punch a ticket to federal court through both avenues. (*See generally* Notice of Removal; Resp. to OTSC, ECF No. 13-1.) Starting with diversity jurisdiction, the Court need not dwell long. Diversity jurisdiction requires complete diversity between plaintiffs and defendants, meaning they must be "citizens of different [s]tates." 28 U.S.C. § 1332(a)(1). Here, Horizon Blue maintains its principal place of business in New Jersey; Arsenis resides in New Jersey, as well. (Notice of Removal *17-18. *See* 28 U.S.C. 1332(c)(1) ("[A]

4

corporation shall be deemed to be a citizen of any [s]tate by which it has been incorporated and of the [s]tate where it has its principal place of business[.]").) Thus, this pathway to the federal court fails.

Next, Arsenis attempts to invoke the Court's federal question jurisdiction. Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For removal to be proper on the basis of federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Voltz v. Somerset Cnty. Jail*, No. 20-13695, 2021 WL 1986459, at *2 (D.N.J. May 18, 2021) (citation omitted). For a case to arise under federal law, the well-pleaded complaint must contain a question arising under federal law. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The original complaint in this case, filed in September 2014, alleges only state law claims: insurance fraud, common law fraud, breach of contract, unjust enrichment, and negligent misrepresentation. (Notice of Removal *32-39.) And even if the Court examines the January 2022 order Arsenis attempts to remove, it is premised on enforcing settlement terms arising from the original litigation for fraudulent billing. (Notice of Removal *10.)

To avoid the inevitable fate of being remanded, Arsenis alleges that the Employee Retirement Income Security Act of 1974 ("ERISA") preempts state law, apparently allowing her to remove this case at any time. (Defs.' Opp'n Br. 3.) Not so. For one, it is settled law that insurers can bring state law fraud claims against healthcare providers in state court without being preempted by ERISA. *Horizon Blue Cross Blue Shield of N.J. v. E. Brunswick Surgery Ctr.*, 623 F. Supp. 2d 568, 574 (D.N.J. 2009) ("[C]ourts ... permit[] health care plans, such as [p]laintiff, to assert claims for common law fraud and claims pursuant to []IFPA in state court."). Moreover, this case arises

out of fraud and breach of contract, not on the application or interpretation of an ERISA plan. Thus, preemption does not apply and remand is appropriate.[4]

### B.    Removal was Untimely

In any event, removal was about eight years too late. (*See generally* Notice of Removal.) The removal statute allows a defendant, with consent of all other defendants in the action, to remove an action within thirty days of being served the pleadings or other documents providing notice of the suit. 28 U.S.C. § 1446(b).[5] The 30-day deadline is mandatory, may not be extended by judicial order, and requires all defendants to join in the request.[6] *Balestrieri*, 544 F. Supp. at 529 (citing, among others, *Sun Oil Co. of Pa. v. Dep't of Lab. and Indus.*, 365 F. Supp. 1403, 1406 (E.D. Pa. 1973)).

---

[4] For Section 502(a) of ERISA to apply, invoking "complete preemption," the removing party must show that (1) the plaintiff could have brought the action under Section 502(a) of ERISA and (2) no independent legal duty supports the plaintiff's claim. *Caggiano v. Prudential Ins. Co. of Am.*, No. 20-7979, 2021 WL 1050166, at *3 (D.N.J. Mar. 19, 2021). Horizon Blue brought its claims for fraud and breach of contract, outside of ERISA, defeating any argument that complete preemption applies.

[5] The removal statute provides the following limitation:

> [t]he petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

*Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F. Supp. 528, 529 (E.D. Pa. 1982); *see also* 28 U.S.C. § 1446(b).

[6] Because Speech & Language can neither proceed pro se in federal court nor be represented by a non-lawyer, it is dubious that it consented to removal. In any event, the Court need not reach that conundrum because removal was improper.

Here, even by Arsenis's calculations, the state court suit "commenced" over seven years ago and she received timely service.[7] (Notice of Removal *3.) So, the 30-day limitation came and went years ago. *See* 28 U.S.C. § 1446(b). Nor is Arsenis correct that challenging the state court's jurisdiction "is not subject to the [t]hirty-[d]ay time limit," inferring that removal can take place at any time. (Defs.' Opp'n Br. 17.) The Court already rejected Arsenis's preemption argument and, in any event, the state court found it had subject matter jurisdiction over this case and the Court will not disturb that ruling. (Notice of Removal *55 (Defendants raising the affirmative defense of lack of subject matter jurisdiction in state court).) The Court's conclusion is buttressed by a Congressional mandate to "strictly construe[] against removal" and resolve "all doubts . . . in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).

Arsenis's removal was procedurally improper and the Court lacks subject matter jurisdiction.[8] The Court therefore remands this matter to state court.

IV.   **CONCLUSION**

Defendants' removal fails because the Court lacks subject matter jurisdiction and the case was untimely removed. Thus, the Court remands this action to state court.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] The state court complaint is file-stamped as of September 11, 2014. (Notice of Removal *14.) But Arsenis claims the state suit commenced in February 2015. (*Id.* at *3.) This is a discrepancy without difference, however, because either timeline grossly exceeds the 30-day removal window.

[8] Although a muddled argument, Arsenis appears to contend that the Court should start the removal clock from January 27, 2022—the date that the state court issued its order on Horizon Blue's right to enforce the settlement terms. (Defs.' Opp'n Br. 2.) To be sure, even if that was the law (which it is not), removal was still untimely. (*See* Notice of Removal *10.) After that order issued, Arsenis waited over 60 days to file for removal. (*See generally* Notice of Removal.) Thus, no matter how it is sliced, the removal ship has sailed.